UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELROY D. CLAY,

    Plaintiff,

v.

UNKNOWN CATERO, *et al.*,

    Defendants.
_____/

CASE NO. 1:07-CV-555

HON. ROBERT J. JONKER

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 48) and Plaintiffs' Objections to it (docket # 53). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendants' motion for summary judgment (docket # 17) be granted. The Report and Recommendation concludes that Defendant

Dr. Catero is entitled to summary judgment because Plaintiff Elroy Clay did not exhaust his administrative remedies against Dr. Catero and because he failed to present any evidence that he was prevented by prison staff from doing so. Plaintiff raises several related objections, none of which undermine the Report and Recommendation.

Plaintiff's objections fall generally into three categories. First, he objects that he should not have to exhaust his administrative remedies because he does not think the prison could provide him any remedy. A prisoner, however, must exhaust available administrative remedies even if he cannot obtain the type of relief he seeks in the administrative process. *See Porter v. Nussle*, 534 U.S. 516, 520 (2002). Accordingly, these objections are without merit. *See id.* Second, he contends that if the Bureau of Prisons' Internal Affairs Department investigated his complaint, they would discover that the prison had been ignoring his grievances. As the Magistrate Judge concluded, however, Plaintiff has failed to put forward any evidence that he was prevented by prison staff from filing a grievance against Dr. Catero. Moreover, although Plaintiff continues to argue that he filed multiple Step I grievances against Dr. Catero, he concedes that he did not follow the grievance procedure through to Step III on any of those grievances. He therefore has failed to exhaust his administrative review process. *See Jones v. Bock*, 549 U.S. 199, 218 (2007); Policy Directive 03.02.130 (docket # 18-5). Third, Plaintiff contends that he cannot be expected to comply with the procedural rules because he is untrained in the law. This argument, too, is without merit. *See Woodford v. Ngo*, 548 U.S. 81, 103 (2006). None of Plaintiff's contentions are insufficient to survive summary judgment on this record, and the Report and Recommendation properly concluded that Dr. Catero is entitled to summary judgment.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed December 14, 2009, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (docket # 17) is **GRANTED** and the case is dismissed in its entirety.


Dated:  March 11, 2010           /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE